IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| EUSEBIO HERNANDEZ | § | |
| v. | § | CIVIL ACTION NO. 5:04cv276 |
| GARY JOHNSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Eusebio Hernandez, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hernandez complained of a use of force which allegedly occurred on December 21, 2002. He stated that Officer Payne grabbed him by the neck and throat, tried to throw him to the floor, pushed his head against the door, and pushed him into a metal box, hurting his leg. Hernandez states that ranking prison officials were deliberately indifferent to his need for medical care after the incident and failed to provide the proper authorities with information showing that Payne was criminally liable for assaulting him.

The Defendants were ordered to answer and did so. On December 19, 2005, the Defendants filed a motion for summary judgment, which was supplemented by affidavits on January 5 and January 9, 2006. Hernandez filed a motion for summary judgment on November 15, 2005, and a response to the Defendants' motion on January 27, 2006.

After review of the motions, responses, and competent summary judgment evidence, the Magistrate Judge issued a Report on June 20, 2006, recommending that the Defendants' motion for summary judgment be granted and that the lawsuit be dismissed. The Magistrate Judge reviewed the factors involved in Eighth Amendment use of force cases, and noted that under Supreme Court and Fifth Circuit caselaw, claimants must show injuries which are more than *de minimis*. Hudson v. McMillian, 503 U.S. 1, 7 (noting that the Eighth Amendment's prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind"); Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999).

The Magistrate Judge then pointed to examples of injuries being *de minimis* or not. In Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), a sore, bruised ear lasting for three days was held to be *de minimis*. In Young v. Saint, slip op. no. 92-8420 (5th Cir., March 31, 1993) (unpublished), two scratches requiring antibiotic ointment and a bandage, and a slight decrease in flexion and extension of the inmate's fingers, was held to be *de minimis*. In Potts v. Hill, a hit in the mouth during an altercation, resulting in a non-bleeding cut and a mouth too sore to wear dentures for three weeks, was held to be *de minimis*.

By contrast, the Magistrate Judge said, in Gomez, the inmate suffered cuts, scrapes, and contusions to the face, requiring medical treatment. These injuries were held not to be *de minimis*. In Edwards v. Stewart, 37 Fed.Appx. 90 (5th Cir., May 10, 2002) (unpublished), the inmate suffered cuts to his fingers and thumb, headaches, neck pain, and lacerations to the ear, requiring medical treatment. These injuries were also held not to be *de minimis*.

In the present case, the only injury shown in the medical records was a small bruise on Hernandez's leg. In addition, the medical records for months afterward showed nothing related to this incident. The Magistrate Judge observed that an inmate's "bare assertion of a serious medical condition" was insufficient without medical evidence verifying that the condition existed. Aswegan v. Henry, 49 F.3d 461, 465 (8th Cir. 1995); *see also* Wesson v. Oglesby, 910 F.2d 278, 281-82 (5th

Cir. 1990). The Magistrate Judge noted that Hernandez described an extended use of force, complete with repeated blows to the head and body and impacts with the fall, but the only injury found was a single small bruise on his leg. There were no records that Hernandez ever sought medical care for the incident apart from the one examination. Although Hernandez furnished an affidavit showing that in May of 2005, he appeared to be disoriented, there was nothing to show that this condition was connected with an incident occurring some two and a half years earlier. The Magistrate Judge concluded that because Hernandez failed to show that he has sustained anything more than *de minimis* injuries, the Defendants' motion for summary judgment should be granted and the lawsuit dismissed.

Hernandez filed objections to the Report on July 10, 2006. In his objections, Hernandez says that there is no requirement of serious injury, but only that "some injury" occurred. This is not entirely accurate; as the Magistrate Judge stated, the law requires that the injury suffered be more than *de minimis*.

Next, Hernandez says that his motion for summary judgment shows that he has received "continuous medical care" for the injuries sustained in this incident. However, neither his motion, nor any summary judgment evidence before the Court, show any such thing. Instead, Hernandez alleges in his motion for summary judgment that he began getting medical care for his injuries almost two years after they occurred. He does not present any medical records to show that he is presently receiving medical attention, nor that any condition for which he is presently receiving treatment was the result of an incident which happened some two years prior to the treatment being begun. As the Magistrate Judge properly observed, parties cannot simply manufacture a factual dispute by asking the Court to draw inferences contrary to the evidence. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Similarly, Hernandez appears to allege that he filed sick call requests which were not answered. His motion for summary judgment says that: "due to the constant retaliations of defendants and the unanswered sick calls sent to the medical department plaintiff feared to complain

concerning further medical treatment and waited until the statute of limitations almost expired, then filed his constitutional rights civil lawsuit and began getting medical assistance for his injuries almost two years later." He does not indicate that he filed any grievances regarding the alleged refusal to answer his sick call requests, nor that he was unable to gain the attention of the medical department in any way for two years. As noted above, the medical records show that Hernandez was seen in the medical department in May of 2003, giving him the opportunity to mention any injuries which he may have sustained in the use of force, yet he did not do so; the one examination in January of 2003, revealing one small bruise, is the one and only time that this incident appears in the medical records that are part of the summary judgment evidence.[1]

      Next, Hernandez says that the Defendants Robinson and Kennedy refused to obtain medical care for him after the incident took place. However, he has not shown that these officers were deliberately indifferent to a serious medical need, because he has not shown that a serious medical need existed. As a general rule, a medical need is "serious" if it is one which has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention. <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1992), *citing* <u>Monmouth County Correctional Institution Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3rd Cir. 1987). In this case, while it is true that Hernandez was not seen by medical personnel until several days after the incident took place, this examination showed only one small bruise on his leg, with no indications of injuries of the severity which Hernandez describes. He has offered no summary judgment evidence to show that Robinson and Kennedy were aware that he had a serious medical need, particularly in light of the *de minimis* nature of the injuries which he was found to have suffered. His objections on this point are without merit.

      Finally, Hernandez says that his lawsuit named the Defendants in their individual and official capacities. As the Magistrate Judge stated, Hernandez's claims against the Defendants in

---

[1] Had Hernandez sustained injuries so severe as to require treatment over two years later, these injuries would obviously have shown up in an examination conducted less than two weeks after the incident.

their official capacities are barred by the doctrine of sovereign immunity.  See Hafer v. Melo, 112 S.Ct. 358, 363 (1991).   This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the motions for summary judgment and the Plaintiff's response, the competent summary judgment evidence, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Defendants' motion for summary judgment is GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 14th day of August, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE